SIMON v. DANZIGER et al.

(Supreme Court, Appellate Term. April 24, 1906.)

Judgment—Counterclaim—Evidence.

    A judgment for defendant on a counterclaim for improper work cannot be sustained, in the absence of any evidence as to the amount of damages.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Gustave Simon, doing business as the Standard Novelty Company, against Charles Danziger and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Adam Wiener, for appellant.

Lester F. Dittenhoefer, for respondents.

PER CURIAM. The amount for which the plaintiff brought this action was conceded upon the trial to be due from the defendants. A counterclaim was interposed by them, which exceeded in amount the plaintiff's claim, and for the excess thereof the defendants had a judgment. This counterclaim was for damages alleged to have been sustained by the defendants by reason of improper and imperfect work done upon a quantity of shirtwaist fronts sent ·by the defendants to the plaintiff to be embroidered, and which were subsequently returned to the defendants. The amount of such damage was not shown, and there is no foundation for the allowance of the counterclaim. The testimony was that the defendants sent to the plaintiff a quantity of material, cut in the requisite lengths, which was worth $52\frac{1}{2}$ cents per yard, but how many yards were sent does not appear. No testimony was given as to the difference in value between the goods when delivered to the plaintiff and when returned to the defendants, if any difference there was, nor was any testimony given upon the question of damage at all. Reliance, as showing damage, is placed upon what the respondents term a "credit bill" attached to the record. If by any

legal testimony such bill could have been introduced in evidence, none was given in reference thereto, nor was such bill offered or received in evidence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.